884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Angela Marie LEWIS, Defendant-Appellee.
 Nos. 88-5170, 88-5171.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1989.
Decided Aug. 28, 1989.
 
 William G. Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney), Jay Apperson, Assistant United States Attorney, on brief) for appellant.
 David T. Williams (Robert Stanley Powell on brief) for appellee.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Angela Lewis was convicted after a jury trial in the United States District Court for the Eastern District of Virginia of possession of more than fifty grams of cocaine base, known as crack, with intent to distribute, in violation of 21 U.S.C. Sec. 841(b)(1)(A). That offense required imposition of a mandatory ten-year minimum sentence. At sentencing, the District Court granted Lewis' motion to set aside that conviction and entered a verdict of guilty with regard to the lesser offense of simple possession of cocaine base. The District Judge sentenced Lewis to twelve months of confinement, suspended service of six of those twelve months, and placed Lewis on probation for two years with the probationary term to follow the six months of confinement. The Government has appealed from the District Court's decision setting aside the conviction of Lewis for possession with intent to distribute. Lewis has cross-appealed the trial court's denial of Lewis' pretrial motions to suppress the use of certain physical evidence and statements, which Lewis alleges were obtained by the Government in violation of her Fourth and Fifth Amendment rights. We affirm the District Court's denial of Lewis' motions to suppress and therefore deny relief in connection with the cross-appeal. We reverse the District Court's decision to set aside Lewis' conviction for possession with intent to distribute and remand this case to the District Court with instructions to strike both the judgment of conviction of Lewis for the lesser offense of simple possession and the sentence imposed by the District Judge upon that conviction. We further order the District Judge to enter judgment of conviction of Lewis for possession with intent to distribute cocaine base under 18 U.S.C. Sec. 841(b)(1)(A), and to impose the sentence required by the applicable statutes and sentencing guidelines.
 
 Facts
 
 2
 On May 24, 1988, Lewis was approached at National Airport in the Washington, D.C. area, after she left the shuttle flight from New York City, by Officer Floyd A. Johnston of the United States Park Police. Officer Johnston testified during the suppression hearing that he observed Lewis and another passenger, later identified as Ralph Earnest, get off the plane. Johnston approached Lewis with another detective, while two Virginia state troopers approached Earnest. Johnston identified himself to Lewis and asked if he could talk to her. Lewis indicated that she would speak with Johnston. During his conversation with Lewis, Johnston noticed her trembling and breathing deeply. He testified that he asked her if he could search her bag and then her outer jacket, explaining that she did not have to consent to the search. When Johnston found in the outer jacket two zip-lock bags containing what he thought to be--and what was later determined to be--crack, he arrested Lewis and advised her of her rights.
 
 
 3
 At the airport police station, Lewis gave first a verbal and then a written statement in which she admitted that she knew Earnest and had travelled with him to New York that day, that Earnest had purchased a brown bag, which she knew to contain cocaine, for cash in New York; that he told her to put the bag in her jacket; and that he instructed her not to talk or associate with him until they got into a cab after arrival at the airport in Washington. Lewis also stated that she knew that Earnest was involved in distributing drugs in Washington, D.C., and that those drugs were obtained in New York. Before Lewis gave her written statement, Officer Johnston testified that he informed her that she could be sentenced to ten years in prison based upon the quantity of cocaine which she was carrying.
 
 
 4
 During the pretrial evidentiary suppression hearing and at trial, Lewis testified that she had been pressured in various ways by the federal officer into consenting to the searches of her bag and her jacket, and into making the statements. Specifically, Lewis testified that before she gave her statements, she had been blocked by the policemen when they first confronted her at the airport and that she had later been threatened with varying prison sentences depending upon whether she cooperated.
 
 The Suppression Motions
 
 5
 The District Court, in denying the suppression motions, found that defendant had not been "seized" at the airport and that what had occurred was not a "seizure" but an "encounter," as characterized by the Supreme Court of the United States in United States v. Mendenhall, 446 U.S. 544, 552 (1980). In this case, the record contains sufficient evidence to support the District Court's acceptance of the testimony of the arresting officer concerning the consent of Lewis, and the Court's application of Mendenhall. See also Florida v. Royer, 460 U.S. 491, 497-98 (1983); United States v. Lehman, 798 F.2d 692, 694 (4th Cir.1986).
 
 
 6
 Insofar as the post-arrest statements by Lewis are concerned, the record fully enabled the District Court to conclude that "the statements she [Lewis] made were preceded by adequate warnings under Miranda, and [that] ... the statements she gave were freely and voluntarily and understandingly given." We see no reason to reject the District Court's assessment of the circumstances of Lewis' statements, especially given the inconsistencies in Lewis' own version of the events. Accordingly, Lewis may not prevail upon her cross-appeal in this case.
 
 The Sentencing
 
 7
 "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942), quoted in United States v. Steed, 674 F.2d 284, 286 (4th Cir.1982). "Whether the assessment of the evidence is at the behest of the government or the defendant, the function of the reviewing court is unchanged and consequently the same standard of review is appropriate. This, too, is the conclusion reached by other courts that have reviewed post-verdict judgments of acquittal." Steed, 674 F.2d at 286 (footnote omitted). In this case, the record contains substantial evidence of all elements of the crime of possession with intent to distribute. Indeed, in United States v. Gooding, 695 F.2d 78, 84 (4th Cir.1982), the defendant's intent to distribute was held to have been properly inferred from the defendant's possession of an amount of a cocaine substance far less than the amount which Lewis was carrying.
 
 
 8
 At the time of sentencing in this case, the District Court noted that Lewis, who was nineteen years of age at the time of her arrest, was a good student and had no prior record of crime or drug involvement. The prosecutor indicated that if Lewis would cooperate against Earnest, he could and would recommend a downward revision of the otherwise applicable mandatory minimum sentence of ten years. See Fed.R.Crim.P. 35(b) and Sentencing Guideline 5K1.1. Otherwise, the prosecutor indicated his hands were tied--as they in fact were. The District Court may well have set aside Lewis' conviction for the greater offense in the belief that a sentence of ten years was too heavy, and that a sentence of the type in fact imposed for the lesser offense of possession was all that was justified or required. We can understand the trial court's frustration with the restrictions Congress has imposed upon the exercise of discretion by district court judges in performance of their sentencing functions. But that does not permit a federal district court to strike down a jury verdict of guilty in a case in which the record so clearly entitles the Government to have that verdict prevail.
 
 
 9
 REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION